Argued April 24, reversed and remanded with instructions June 13, 1978

FORREST STONE, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondent.*

(No. 06-77-192, CA 9829)

579 P2d 874

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

This is a petition for judicial review of a final disciplinary order of the Superintendent of the Oregon State Penitentiary.

Initially petitioner was charged with, and found guilty of, committing three rule violations. The recommended sanction was approved by the superintendent on July 1, 1977. Petitioner filed for judicial review which was dismissed pursuant to stipulation.

A new hearing was held in November, 1977. The first page of the "REPORT OF VIOLATION OF INSTITUTION RULES," which shows the procedure followed at the hearing, notes that petitioner pled not guilty to three violations and that petitioner was found guilty. The identical punishment initially imposed was again recommended.

Petitioner contends that the disciplinary committee erred in noting its guilty finding on the charge sheet as though it applied to the three rule violations initially charged when, in fact, he was found guilty of *only one* violation. The state concedes that this assignment of error is well taken. Accordingly, this case is remanded with directions that the finding entered under "DISCIPLINARY COMMITTEE ACTION" be corrected to reflect that the other charges were dismissed and that the committee found petitioner guilty of conspiracy only.

Further, petitioner contends that the disciplinary action taken should be remanded for reconsideration by the superintendent because the form of the guilty finding may have misled him in his evaluation of the sanction.

OAR 291-40-125(1) provides that the superintendent shall review each disciplinary action and enter an order which may:

"(a) Affirm the disposition imposed by the disciplinary committee; or

[ 737 ]

"(b) Modify the disposition imposed by the disciplinary committee; or

"(c) Reverse the conclusion of the disciplinary committee; or

"(d) Increase the sanction imposed by the disciplinary committee. When this action is taken, the Superintendent must state in writing his reasons and immediately notify the inmate, the disciplinary committee, and the reporting employe of his action and reasons."

Although the complete disciplinary report does mention, on the third page, that the other two charges were dropped, we find that the notation of "Guilty," which appears on the first page adjacent to the three original charges, may have been misleading. However, we need only note this possibility since we can now be assured, on remand, that the matter has been called to the superintendent's attention.

Reversed and remanded with instructions.